## STEINBERGER et al. v. LILES.

### No. 2535.

Court of Civil Appeals of Texas. Beaumont.
March 19, 1934.

Rehearing Denied March 21, 1934.

L. B. Moody, of Houston, for appellants.

J. L. Pitts, of Conroe, for appellee.

O'QUINN, Justice.

Appellants brought this suit against appellee in the district court of Montgomery county, Tex., seeking to recover judgment on account of an alleged deficiency of 50 acres of land under an assignment of an oil and gas lease. The bonus paid for the lease was $6,000 in cash, and $25,000 to be paid in oil. The amount sought to be recovered was $1,572.90 of the $6,000 cash paid, and a reduction of the $25,000 to be paid in oil to $18,446.92.

Appellee answered by general demurrer, special exceptions, general denial, and specially denied that he had made any representations to appellants as to the amount of the acreage in the tract of land, and that the extent of the acreage was unknown to him. He further specially denied that the sale was made on an acre basis, but that same was a conveyance in solido, and that there was no warranty in the assigned lease as to the acreage. He denied fraud, and alleged that appellants were estopped to claim shortage because of their failure to inform themselves as to the extent of the acreage included in the lease for in that they were in as good position as appellee to ascertain same, and had all the facilities and were possessed of all the knowledge relating to same as appellee. He further answered and said that appellants were not entitled to recover because since their purchase of the lease they had sold the property which they actually obtained under the lease for a sum in excess of the amount they paid to appellee, and hence had not suffered any injury.

The case was tried to a jury upon one special issue, which reads:

"At the time of the negotiations between plaintiff, Steinberger, and the defendant concerning the assignment by defendant to Steinberger of the unsold portion of the lease from Robert Cartwright, Jr., to defendant, covering certain lands in the John A. Davis Survey, or at and prior to the execution of said assignment from defendant to Steinberger, did defendant represent or state to said Steinberger that the number of acres covered by the unsold portion of said Cartwright lease, and conveyed to Steinberger by defendant, was as much as 190.75 acres.

"Answer yes or no as you may find the facts to be."

The jury answered, "No."

Upon the answer of the jury, judgment was entered that appellants take nothing by their suit. Motion for a new trial was overruled, and the case is before us on appeal.

Appellants' two assignments of error are in effect the same, and assert that the court erred in overruling their motion for a new trial because the answer of the jury to special issue No. 1 is against the undisputed evidence because, they say, the undisputed evidence proves conclusively that at the time of and prior to the execution of the assignment of the lease in question, appellee exhibited to appellant Steinberger the lease assigned to said Steinberger, and represented to said Steinberger that the undisposed of acreage covered by said lease was as much as 190.75 acres, and therefore the said verdict of the jury was without support in the evidence.

Appellants admit in their brief that the evidence was conflicting as to whether or not appellee made any verbal statements to Steinberger as to the number of acres covered by the assigned lease, and that they do not complain of the answer of the jury that appellee did not state to Steinberger that the unsold acreage covered by the lease was as much as 190.75 acres, but they say that the finding of the jury, to the effect that appellee did not represent to Steinberger that such number of acres was as much as 190.75 acres, is against the undisputed evidence.

December 8, 1931, Robert I. Cartwright, Jr., of Dallas county, Tex., for a valuable consideration, executed to appellee, J. Robert Liles, of Montgomery county, Tex., an oil lease; the land leased being described as follows: "All land and interest in land owned by lessor in the John A. Davis Survey, Abstract No. 188 in Montgomery County, Texas, and estimated for the sole purpose of computing the bonus and rentals due and that may become due under this lease, at two hundred eighty five (285) acres of land, whether there be more or less."

The lease contained no field notes describing the land by metes and bounds.

The lease, clause 4, provided that if operations were not commenced on said land on or before one year from the date of the lease, the lease should terminate, unless on or before the expiration of said period, one year, the lessee paid or tendered payment to the lessor the sum of $570. The lease could thus be kept alive for a term of five years, and carried the right to assign same.

January 30, 1932, appellee conveyed to W. N. Hooper 50 acres out of said Davis tract covered by said lease, and on March 12, 1932, assigned and conveyed to the Imperator Oil Corporation 44.25 acres out of said tract. On April 2, 1932, Liles assigned the entire unsold portion of his lease from Cartwright to appellant Clint C. Steinberger for a consideration of $6,000 cash, and $25,000 to be paid in oil.

The instrument by which appellee assigned to Steinberger the unsold portion of the Davis tract of land leased to him by Cartwright, after reciting the facts (Cartwright's lease to Liles, Liles' sale of 50 acres to Hooper, and 44.25 acres to Imperator Oil Corporation), continued: "And, whereas, it is the intention of the said J. Robert Liles, lessee, in the above described lease, to bargain, grant, sell and convey and assign by this conveyance all of the

certain tract of land conveyed by said lease, save and except the two tracts above referred to, which have heretofore been conveyed, and * * * the undersigned, the present owner of said lease, and all rights thereunder or incident thereto, does hereby bargain, sell, transfer, assign and convey unto Clint C. Steinberger all the rights, title and interest of the original lessee and present owner in and to said lease and the rights thereunder so far as it covers the above described tract of land."

There was no warranty other than that the lessor, Liles, was the owner of the lease from Cartwright, and had authority to assign same, and that the land covered by the assigned lease was free from liens and incumbrances.

After Liles assigned to Steinberger the Cartwright lease, less the tracts of 50 and 44.25 acres he had sold, Steinberger investigated the extent of acreage in the Davis tract leased by Cartwright to Liles, and it was found that it contained only 235 acres. On the trial it was agreed by the parties that this was the correct acreage of the tract. It is contended by appellants that they acquired the lease from appellee on an acre basis, and that the tract was represented to Steinberger as containing 285 acres, and as it actually contained only 235 acres, they are entitled to recover the pro rata part of the $6,000 cash paid for the lease to the extent of the shortage, 50 acres, or $1,572.90.

The contention is without merit. We think the lease on its face clearly shows that the land was not conveyed by the acre, but that it was a conveyance in solido. The description of the land in the Cartwright lease to appellee reads: "All land and interest in land owned by lessor in the John A. Davis Survey, Abstract No. 188, in Montgomery County, Texas, and estimated for the sole purpose of computing the bonus and rentals due and that may become due under this lease, as 285 acres of land, whether there be more or less."

This description was carried in the assignment of the unsold portion of the land to Steinberger by appellee. It says the amount of the acreage was an estimated one, and that the estimate was for the sole purpose of computing bonus and rentals, not for fixing the purchase price by the acre. Furthermore, it says that the amount of the acreage, for the purposes named, was estimated at 285 acres, "whether there be more or less." That was a very plain and certain statement that the amount of the acreage was thus fixed for the purpose of lease dealing only, though there

might be more or less than the number of acres estimated, and that the consideration for the lease was paid for the estimated acreage, and not upon any representation of any nature that there were actually 285 acres in the tract conveyed.

It is not contended that appellee Liles had any more knowledge of the actual acreage of the tract of land than did Steinberger, appellant. It is also undisputed that Steinberger had equal opportunity with appellee to investigate as to the facts relative to the survey. The John A. Davis survey, abstract No. 188, was of record in Montgomery county. Neither appellant nor appellee had made any investigation as to the actual acreage of the tract prior to the leasing by the parties. Appellant knew that the record existed. He could have investigated it if he desired. The jury found that appellee did not represent to appellant that there was 285 acres in the tract of land. Appellant admits the correctness of this finding, except he insists that the findings should be confined to verbal statements or representations, admitting that such were not made, but insists that when appellee showed his lease from Cartwright to appellant, and this lease contained the language that the extent of the acreage was estimated at 285 acres for the purpose of computing the bonus and rentals, that this was a representation by appellee that there was actually that amount of land in the tract. What we have said above disposes of this contention, but we again say that there is no force in this contention. The instrument spoke for itself. Its meaning was clear and as apparent to appellant as to appellee, who had acted upon it in acquiring the lease from Cartwright, and also upon assigning the unsold portion to appellant Steinberger. Appellant accepted this assignment with this description staring him in the face, putting him upon notice that the acreage was unknown, and that the amount of acreage was estimated solely for leasing purposes, and that it was understood by all the parties, from Cartwright down to and including appellant Steinberger, that there might be more or less land than estimated, and that under the instrument in either case the estimate was binding for the purpose stated.

No fraud or mistake being shown, and the evidence supporting the finding of the jury that appellee made no statements or representations to appellant as to the acreage covered by the assigned lease, the judgment should be affirmed, and it is so ordered.

Affirmed.